McGRIFF, Trustee, etc., v. BALDWIN and others.[1]

*(Circuit Court, S. D. Georgia, W. D. January 23, 1885.)*

EQUITY PRACTICE—EXECUTION ISSUED ON DECREE—POWER OF THE COURT TO PREVENT ABUSE OF PROCESS.

An execution was issued upon a decree. The defendant filed an affidavit of illegality, (a remedy permitted by the state law,) suggesting various grounds upon which the execution was alleged to have been illegally issued, levied, and advertised. Upon motion made by the plaintiff to the execution to dismiss the affidavit of illegality, *held*, that the same might be regarded as a statutory remedy adopted by the rule of this court, or as a motion or petition supported by the affidavit, and the same would be retained for a hearing.

[1] Reported by W. B. Hill, Esq., of the Macon bar.

In Equity.

Baldwin, Starr & Co. filed their bill in 1868 against McGriff, as trustee of Sarah M. Ryan, to subject her trust estate to a debt in their favor. The pleadings showed that her trust estate was created under a marriage settlement by which Mrs. Sarah M. Ryan was made tenant for life of certain property, with remainder to her children. The property was acquired by Mrs. Sarah M. Ryan (formerly Taylor) under will of her mother, by which, also, the property so acquired was charged with a certain debt in favor of William M. Snell, amounting to $2,800. In 1874 the cause was referred to a master and he was directed to report what portion of the debt sued on was chargeable to, and to be paid out of the rents and income of, said Sarah M. Ryan's trust estate. Afterwards, and before any hearing was had before the master, Sarah M. Ryan, the life tenant, died. McGriff, the trustee, and also the remainder-men and said Snell, who had an interest in said land, regarded said bill as at end by reason of the death of said Sarah M. Ryan. None of them had any notice of the hearing by the master, or of his report, or of the final decree, which was taken against McGriff, as trustee of Sarah M. Ryan, several years after her death, and after the remainder-men and said Snell had effected a partition of said lands in the state court and were in possession of their respective shares. The decree was taken against the entire property, as the property of Sarah M. Ryan, and execution issued on said decree was levied on said land, and the entire fee therein advertised for sale.

The defendant, Thomas J. McGriff, trustee, filed an "affidavit of illegality" in accordance with the state statute, alleging substantially (1) that he and the parties at interest had no notice of the hearing of said case by the master, and was not there represented by counsel, nor did he have notice nor was he represented when said decree was taken; but well knowing that Sarah M. Ryan's death extinguished the trust estate against which the bill was proceeding, and having received no notice as aforesaid of said proceedings, he believed the whole case abandoned, and never heard of the master's report or decree until the execution was levied. He submitted that a decree taken against the trust estate of a deceased life-tenant was wholly void. (2) The affidavit alleged that the execution was proceeding illegally because the advertisement misdescribed the property, failed to follow the decree, no notice of the levy was given as required by law, the sale was advertised to occur at the wrong place, etc.

The case was heard upon a motion to dismiss the affidavit of illegality, the sole ground urged being that this remedy was inappropriate; that defendant had no remedy except a bill of review.

*Bacon & Rutherford* and *E. F. Best*, for Baldwin, Starr & Co.

*Hill & Harris*, for McGriff, trustee.

SETTLE, J., (*orally.*) I could find support for the conclusion I have reached in this case in the rule adopted by this court in reference to

the remedy known in the state laws as "an affidavit of illegality," this being a mode by which a defendant in an execution may set up grounds showing that an execution has issued or is proceeding illegally. Code, § 3664. The rule referred to is the forty-third rule of this court, and is as follows: "In cases of illegality, the marshal shall observe the rules applicable to sheriffs in like cases." It is conceded that the sheriff in a "like case" would be bound to accept an affidavit of illegality, and arrest the sale under the execution. Code, § 4215. But I do not think it necessary to place the decision upon this ground. The following considerations have most weight with me in leading to the conclusion reached, which is to refuse the motion to dismiss the paper filed as an affidavit of illegality.

Here is a writing, by whatever name it be called, by which it is shown to the court of equity that its own decree and process, issued upon its decree, are about to be abused, and injustice is about to result. The property of certain remainder-men, whose interest has now vested, and of a third party who claims under a paramount title, is about to be sold, as alleged, under an execution against the estate of a life-tenant in the said property, who was dead when the decree was issued, and whose estate perished with her death. Whether this pleading now before the court be treated as an affidavit of illegality, or as a motion supported by that affidavit, which is my inclination, I am satisfied that the court has such power over its own decree and its own process as to suspend the enforcement thereof until a hearing can be had on the case made. If the information that its process was about to be abused was brought to the knowledge of the court by its own officer, I am not sure but that it would even then be the right and duty of the court to check that abuse, and prevent injustice, *ex suo mero motu*.

It is said that the only remedy in a case like this is the bill of review. I do not think so. The supreme court have virtually held that in matters of this character the form of the proceeding is less important than the substance of the right; and that in some instances mere motions, supported by affidavit, are the most appropriate modes of relief. *Krippendorf* v. *Hyde*, 110 U. S. 276; S. C. 4 Sup. Ct. Rep. 27. If there were no remedy in a case of this kind, nor alleged to exist, it would be the right and duty of the court to frame one.